Moses M. Weinstein, J.
Defendant makes this motion pro se seeking to vacate and set aside his sentence which was imposed by the court on July 6, 1973.
Petitioner was indicted for 39 counts of criminal possession of a forged instrument in the second degree, one count of criminal possession of forgery devices and one count of petit larceny. On June 13, 1973 the defendant withdrew his former plea of not guilty and pleaded guilty to two counts of attempted criminal possession of a forged instrument in the second degree, and petit larceny. The court adjudged the defendant to be a youthful offender on July 6, 1973 and as such he was sentenced to the New York State Department of Correction for a reformatory term under the first count and to the New York State Department of Correction for a reformatory term under the second count, both sentences to run concurrently. He received a conditional discharge as to the petit larceny count.
The petitioner argues as the basis of this motion that he is *249 serving an illegal sentence since the reformatory sentence has been repealed.
There is no merit to the defendant’s argument. CPL 430.10 provides that: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
Furthermore, the Legislature in the repeal of the reformatory sentence included the following provision: "This act shall take effect July thirty-first, nineteen hundred seventy-four; provided however, that the provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted; provided further however, that such laws shall not be construed to require that a person convicted of a felony for which a youthful offender finding has been substituted must be sentenced to a reformatory sentence of imprisonment.” (L 1974, ch 652, § 10, as amd by L 1974, ch 653, § 8.)
Based on the foregoing, the motion is denied in all respects.